IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LIPPRE | : | |
| | : | |
| Plaintiff | : | |
| | : | No. |
| v. | : | |
| | : | |
| | : | |
| THE GOODYEAR TIRE & RUBBER | : | |
| COMPANY., d/b/a Goodyear Auto Service | : | |
| Center | : | |
| | : | |
| | : | Jury Trial Demanded |
| Defendant | : | |

# COMPLAINT

1. This action is brought by Plaintiff John Lippre (hereafter "Lippre", "Plaintiff"), formerly employed by Goodyear Tire & Rubber Co., d/b/a Goodyear Auto Service Center (hereafter "Defendant" or "Goodyear") for disability and age discrimination and retaliation to wit: wrongful termination, disparate treatment, denial of benefits.

2. This action is brought under the Age Discrimination in Employment Act of 1967, as codified at 29 U.S.C. §§ 621-634 (ADEA), Title II of the Americans With Disabilities Act, 42 U.S.C.§ 12132 et seq ("ADA")., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, The Pennsylvania Human Relations Act 43 P.S. §§ 951-963 and Pennsylvania common law with regards to wrongful termination.

3. Plaintiff seeks back pay, front pay and compensatory damages, as well as a declaratory judgment and injunction to restrain defendant employer from committing prohibited personnel practices, policies, customs and usages, from discriminating and retaliating against plaintiff and other employees.

1

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1345 and 2401(a), which grant district courts jurisdiction over actions alleging unlawful and discriminatory employment practices and provides for judicial review of cases involving age and disability discrimination.

5. This Court has supplementary jurisdiction over Plaintiff's state law claims which involve common issues and facts to the federal counts pursuant to 28 U.S.C. § 1367.

6. The unlawful practices alleged in this complaint occurred at Defendant's store in Clifton Heights, Delaware County, Pennsylvania which is situated in the Eastern District of Pennsylvania.

## PLAINTIFF

7. Plaintiff John Lippre is an adult male individual with an address of 1509 Larkin Road Upper Chichester, Pa 19061.

## DEFENDANT

8. Defendant The Goodyear Tire & Rubber Co., d/b/a Goodyear Auto Service Center (hereinafter "Defendant" or "Goodyear") is an Ohio corporation with, inter alia, for profit auto service centers nationwide and at 273-281 W. Baltimore Pike, Clifton Heights, Pennsylvania 19018.

## EXHAUSTION OF REMEDIES

9. Plaintiff timely filed a "Charge of Discrimination" ("Charge") with the Equal Employment Opportunity Commission ("EEOC") which was received by the EEOC on December 18, 2013. See Exhibit A "Charge #530-2014-01252".

10. Plaintiff's Charge was dually filed with the Pennsylvania Human Relations Commission ("PHRC") and the matter was assigned case # 201402115

11. On August 22, 2014 the EEOC mailed Plaintiff a "Notice of Right To Sue" and the same was received within five (5) days from mailing.  See Exhibit "B".

12. This Complaint is being filed within ninety days of receipt of Plaintiff's Right to Sue.

## STATEMENT OF FACTS

13. Plaintiff is a member of a protected group based on an actual and/or perceived disability and his age.

14. Plaintiff worked as an auto technician for Defendant for over twenty years prior to being terminated in August 2013.

15. In the preceding few years prior to being fired, Plaintiff's work caused him to develop carpel tunnel syndrome in both of his upper extremities.

16. Plaintiff underwent carpal tunnel surgery in April or May, 2013 (Plaintiff had also had a CPT surgery in 2012).

17. After the surgery, Plaintiff returned to work under the conditions that his supervisors understood that he was not yet completely recovered and some of his work duties had to be modified as a result.

18. After the 2013 surgery, a claim pursuant to Pennsylvania's Workers Compensation Act was filed in relation his "bilateral carpal tunnel syndrome."

19. While working on or about August 3, 2013 and remaining with some known medical restrictions, Plaintiff was instructed by his supervisor Nick Biondy, "service manager", to perform a tire change.

20. The tire change was in most circumstances performed by less skilled and less experienced employees (hereinafter "junior technicians") and not someone with the experience of Plaintiff.

21. At any rate, Plaintiff could not perform the tire change without pain and difficulty due to his medical condition.

22. Plaintiff reminded Biondy of his condition and limitations and asked whether the task can be assigned to one of the "junior technicians" then present.

23. Biondy responded by yelling at Plaintiff in profane and vulgar terms mocking Plaintiff for being unable to do the tire change.

24. After Biondy persisted with his verbal abuse, an altercation ensued during which the "still healing" Plaintiff was punched by Biondy multiple times about the head and thrown onto the floor painfully and seriously injuring Plaintiff's shoulder.

25. Store manager, Milton Velez, and other supervisory employees of Defendant "investigated" the incident.

26. Velez fired Plaintiff.

27. Biondy was not disciplined in any way.

28. Plaintiff, then 47 years old, had a good work record for Defendant.

29. Biondy, in his early 30's, had been previously sued for discrimination for conduct while working for Defendant.

30. Other technicians at the Clifton Heights store who are not disabled, who are under 40 years old, and who have not exercised rights under the Workers Compensation Act, have violated work rules and have not been disciplined or fired.

31. Any decision to terminate Plaintiff in the above circumstances was a mere pretext for illegal discrimination and retaliation.

32. Defendant caused Plaintiff to be unemployed for several months and to suffer a wage loss differential between his replacement employment and his position with Defendant.

## FIRST CLAIM

### (UNLAWFUL AGE DISCRIMINATION)

33. Paragraphs 1 through 32 above are hereby incorporated by reference as though fully set forth in this claim.

34. Defendant has unlawfully discriminated against Plaintiff based on his age (over 40) in violation of the ADEA and the Pennsylvania Human Relations Act.

35. Defendant treated Plaintiff less favorably than similarly situated significantly younger employees.

36. Plaintiff believes and therefore avers that Defendant hired more than one replacement employees after his terminations that are significantly younger than Plaintiff.

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices unless and until the Court grants relief.

## SECOND CLAIM

### (UNLAWFUL DISCRIMINATION BASED ON DISABILITY STATUS)

38. Paragraphs 1 through 37 above are hereby incorporated by reference as though fully set forth in this claim

39. Defendant has unlawfully discriminated against Plaintiff based on an actual or perceived disability in violation of the ADA and the Pennsylvania Human Relations Act.

40. Plaintiff has a several months worth of documented treatments for his work related carpel tunnel syndrome.

41. Plaintiff informed Biondy and Velez on multiple occasions about his condition and the necessary treatment, including surgery.

42. Plaintiff submitted written statements and medical information to Defendant about his condition in relation to leave, time off, and disability payments.

43. Plaintiff's impairments rendered him substantially impaired compared to the average person in major life activities of, inter alia, working and postural activities.

44. Alternatively, Defendant perceived Plaintiff to be disabled in major life activities including working

45. As stated, Plaintiff request to not perform the tire change on August 3, 2013 was one of several requests for a reasonable accommodation to his actual and/or perceived disabilities.

46. Biondy screaming at Plaintiff and attempting to force him to do the work in light of the above is clearly a denial of a requested reasonable accommodation.

47. Essential job duties of Plaintiff's job as an experienced technician included performing all motor vehicle repairs though most of the more basic activities including tire removal were typically were assigned to junior technicians.

48. With a reasonable accommodation to avoid heavy pulling, lifting, and carrying with the upper extremities, Plaintiff could perform all of the essential duties of his position.

49. In addition to the denial of a reasonable accommodation, Defendant terminated Plaintiff's employment because of his disability status.

50. Defendant treated Plaintiff less favorably than similarly situated employees who are not actually or perceived to be disabled.

51. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his protected status in violation of the ADA.

52. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices unless and until the Court grants relief.

## THIRD CLAIM

## (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND PENNSYLVANIA LAW)

53. Paragraphs 1 through 52 above are hereby incorporated by reference as though fully set forth in this claim.

54. Defendant has retaliated against Plaintiff, inter alia, by terminating his employment and harassing him on the basis of him having pursued his rights under Pennsylvania's Workers Compensation Act.

55. Defendant sought to avoid paying for Plaintiff's past and future medical treatment or wage benefits (pursuant to The Act) by firing him under the above circumstances.

56. At the time of termination the workers compensation claim had yet to be fully processed.

57.     Although Pennsylvania is an "at will" jurisdiction, Pennsylvania law makes clear that firing or otherwise discriminating against an employee due to a workers compensation claim is a violation of public policy.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants retaliatory practices unless and until the Court grants relief

### PRAYER FOR RELIEF

WHEREFORE, plaintiff JOHN LIPPRE respectfully prays that this Honorable Court grant the following relief:

1)      Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

2)      An award of such damages, including back pay and benefits, front pay and benefits, overtime compensation as plaintiff is entitled to under the ADA, the ADEA and the Pennsylvania Human Relations Act;

3)      An award for other and further damages, including compensatory damages for plaintiff's emotional distress, as may be proven at trial;

4)      For an award of costs of suit including reasonable attorney's fees, including fees under 29 U.S.C. § 216(b);

5)      For an order commanding defendant to cease and desist from any practice which discriminates against plaintiff or others on the basis of their sex or disability status or in retaliation against the person because he complained about such discrimination;

6)      An Order reinstating Plaintiff's employment; AND

7)      For such other and further relief as the Court may consider just and proper

                                                  Respectfully Submitted,

                                                  /s/ Shelly Farber
                                                  SHELLY FARBER ESQUIRE
                                                  PA Attorney ID 33726
                                                  Farber and Farber Law Offices
                                                  2619 West Chester Pike Suite 100
                                                  Broomall, PA 19008
                                                  610-356-3900   Fax 610-356-3952

November 21, 2014

9

# EXHIBIT "A"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>___Penn. Human Relations Commission_ and EEOC<br>_State or local Agency, if any_ | [ ] FEPA<br>[X] EEOC | |

| NAME *(Indicate Mr., Ms., Mrs.)* | | HOME TELEPHONE *(Include Area Code)* |
|---|---|---|
| John Lippre | | 610 356 3900 |
| STREET ADDRESS | CITY. STATE AND ZIP CODE | DATE OF BIRTH |
| 1509 Larkin Road | Upper Chichester, Pa 19061 | 05/03/1966 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)*: |
|---|---|---|
| Goodyear Tire | +15 | (610) 626-2881 |
| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
| 273-281 W. Baltimore Pike | Clifton Heights, Pa 19018 | Delaware County |
| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE *(Include Area Code)* |
| STREET ADDRES | CITY. STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN | EARLIEST (ADEAJEPA)    LATEST (ALL)<br>08/03/13 |
| [X] RETALIATION   [X] AGE   [X] DISABILITY   [ ] OTHER Pregnancy Act | [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)*

   Complaint worked as an auto technician for Defendant for over 20 years. He was earning $28 per hour and other benefits including health insurance, pension, and others. Employer through "store manager", Milton V., and others engaged in illegal age and disability discrimination in firing him on or about August 10, 2013.
   Complainant had a medical condition affecting the use of his hands and arms for which Mr. Lippre took leave and received private disability benefits for portions of 2012 and 2013. On or about August 3, 2013 complainant informed his supervisor ("service manager" Nick B.) that due to his medical condition he would be unable to do a tire change – a task normally performed by junior technicians. Nick B responded by repeatedly ridiculing complainant (in foul and vulgar terms) for being unable to perform a task that was not essential to his job. When Nick B failed to stop harassing Mr. Lippre, complainant approached Nick B. and grabbed his shirt collar because he was upset by the repeated insults. Nick B responded by punching complainant about the head and pulling complainant over a desk which ultimately broke his shoulder.
   Store Manager, Milton V., and other supervisory employees of Defendant investigated and took statements about the incident. Complainant was fired on or about August 10, 2013. Nick B. was not disciplined in any way. Complainant had a good work history with Defendant for 20 plus years. Nick B is in his early 30's. Other technicians, including Brian B, are not disabled and are significantly under 40 years of age and have violated work rules (such as repeated unexcused work absences) and have not been terminated.
   Nick B's response to Complainant's request that he not be required to perform the non essential job task of tire changing constitutes a refusal to accommodate a known and perceived disability in violation of the ADA. Complainant was substantially limited in major life activities including the activity of working. However, Complainant was able to perform the essential tasks of auto technician. Defendants' decision to terminate Mr. Lippre in the above circumstances evidences disability and age discrimination in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Complainant suffered financially, emotionally, and physically as a result and Complainant prays for investigation by the EEOC and the Pa. Human Relations Commission.

| [x] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date: 12/17/13   Charging Party: _____ | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>/x/ _____   12-17-13<br>SIGNATURE OF COMPLAINANT        DATE |

# EXHIBIT "B"

EEOC Form 161-B (10/96)

**U.S. Equal Employment Opportunity Commission**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | John Lippre<br>1509 Larkin Road<br>Upper Chichester, PA 19061 | From: | Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, PH Suite 1300<br>Philadelphia, PA 19107-3127 |
|---|---|---|---|

[  ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-01252 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)
NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[   ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[   ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____        8/22/14
Spencer H. Lewis, Jr.  District Director        (Date Mailed)

Enclosure(s)

cc:   Goodyear Tire
      Shelly Farber, Esquire (for Charging Party)
      Wally Mueller, Esquire (for Respondent)